UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA  :
                          :
        v.                :   Case No. 2:09-cr-90-1
                          :
STEPHEN AGUIAR            :

## OPINION AND ORDER

Defendant Stephen Aguiar, proceeding *pro se*, has filed several motions relative to his 2011 convictions for conspiracy and distribution of controlled substances. Aguiar is currently serving a 360-month sentence on those convictions. Pending before the Court is Aguiar's motion for resentencing, which relies on a series of recently expunged state court convictions as well as his attorney's alleged ineffective assistance of counsel. Aguiar has also filed two motions for appointment of counsel, a motion for recusal, and a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the pending motions are denied.

## Factual and Procedural Background

### I.   Relevant Criminal and Procedural History

Aguiar's broadest substantive filing is his habeas corpus petition. The petition first alleges that when Aguiar was young, he suffered a traumatic brain injury (TBI). Aguiar claims that the TBI resulted in mental health conditions which, in turn, led to his many arrests and convictions in both state and federal

courts. Several of those past convictions factor into his current requests for relief.

Aguiar has been convicted of over twenty state criminal offenses dating back to the mid-1980s. The offenses ranged from petit larceny to burglary and sale of a narcotic. *See* ECF No. 825-1. On January 22, 2023, the Vermont Superior Court expunged his convictions. *Id*. The court did not state the reason for the expungements.

Aguiar's federal convictions include a 1995 conviction for stealing a firearm and distribution of morphine. *See United States v. Aguiar*, Case No. 2:94-cr-65-wks (*Aguiar I*). Approximately 18 years after his conviction, and long after he completed his sentence, Aguiar petitioned the Court for a writ of error coram nobis. His petition cited, among other things, counsel's alleged failure to pursue a diminished capacity defense. The Court denied the motion, concluding that Aguiar had presented no sound reason for his substantial delay in seeking relief. The Court also found that, even assuming timeliness, Aguiar had failed to show prejudice resulting from counsel's representation given the extensive evidence of his culpability, and the lack of evidence to support his contention that a diminished capacity defense would have succeeded. In a mandate issued March 18, 2025, the United States Court of Appeals for the Second Circuit affirmed the Court's denial of the coram

2

nobis petition, as well as its denial of a subsequent motion for
reconsideration.

In 2001, Aguiar was convicted in this Court after pleading
guilty to possession with intent to distribute heroin as a
person with a prior drug felony. *See United States v. Aguiar*,
Case No. 2:00-cr-119-wks (*Aguiar II*). The Court sentenced him to
a term of 92 months in prison, to be followed by a six-year term
of supervised release. In 2011, the Court sentenced Aguiar to an
additional 36 months in prison, to be served concurrent to a
third federal sentence discussed below, for violating the terms
of his supervised release.

In 2014, Aguiar filed a petition for writ of coram nobis in
*Aguiar II*, arguing in part that the government failed to file a
Section 851 information and that his attorney's advice about the
possibility of a life sentence was therefore inaccurate. Aguiar
conceded that, when he filed his petition, his sentence had
expired. The Court denied the coram nobis petition, concluding
that the filing was untimely and that Aguiar had failed to show
prejudice resulting from the alleged ineffective assistance of
counsel. The Court also denied Aguiar's motion for
reconsideration. In a mandate issued on March 16, 2018, the
Second Circuit dismissed Aguiar's appeal.

Prior to the Second Circuit's issuance of its mandate on
the coram nobis petition, Aguiar filed a petition for writ of

3

habeas corpus in *Aguiar II* pursuant to 28 U.S.C. § 2255. The habeas corpus petition raised some of the same arguments asserted in the coram nobis petition, with additional claims relating to questions of timeliness and actual innocence. The Magistrate Judge issued a Report and Recommendation recommending denial of the habeas corpus petition as untimely and unsupported by the record. The Court adopted the Report and Recommendation and subsequently denied Aguiar's motion for reconsideration. In a mandate issued on September 1, 2023, the Second Circuit dismissed Aguiar's appeal on the habeas corpus petition as moot because he had fully served his sentence on the supervised release revocation. The Second Circuit also affirmed the Court's ruling on the timeliness of Aguiar's challenge to his conviction.

On April 11, 2011, following a federal jury trial, Aguiar was convicted on multiple counts flowing from a conspiracy to possess and distribute cocaine and heroin. *See United States v. Aguiar*, Case No. 2:09-cr-90-wks (*Aguiar III*). The Court sentenced Aguiar to 360 months on each count, to run concurrently, followed by ten years of supervised release. Aguiar appealed, arguing primarily that the warrantless placement of a GPS device on his vehicles constituted unlawful searches under the Fourth Amendment. In 2014, the Second Circuit

affirmed his conviction, and Aguiar is currently serving that
360-month sentence.

In 2015, Aguiar filed a petition for writ of habeas corpus
in *Aguiar III* arguing ineffective assistance of counsel. He also
filed a series of related motions. In a 79-page Report and
Recommendation, the Magistrate Judge analyzed each of Aguiar's
arguments, including a supplemental claim under *Brady v.
Maryland*, and recommended denial of the petition. This Court
adopted the Report and Recommendation, noting defense counsel's
zealous advocacy during the 11-day trial and the overwhelming
evidence supporting the conviction. In a mandate issued on
September 11, 2017, the Second Circuit affirmed the Court's
ruling. The Second Circuit also subsequently dismissed Aguiar's
appeals of this Court's rulings on his motions for post-judgment
relief under Federal Rules of Civil Procedure 60(b) and 59(e).

In the instant case, Aguiar has filed a motion to be
resentenced, citing the recent expungement of his state court
convictions and arguing that his "30 year-imposed prison term is
the aggregated product" of those convictions and sentences. ECF
No. 825 at 1. He also filed an application with the Second
Circuit for leave to file a second or successive habeas corpus
petition. *Aguiar v. United States*, Case No. 23-6887 (ECF No. 2).
The proposed petition sought relief in both *Aguiar II* and *Aguiar
III*, as Aguiar alleged that his sentence in the latter case was

5

enhanced by his 2001 conviction and sentence in *Aguiar II*. The claims asserted in the proposed petition included: (1) that Aguiar is actually innocent of his 2001 conviction because he never possessed the amount of heroin for which he was convicted; (2) that he only recently obtained evidence of defense counsel's ineffective assistance of counsel in *Aguiar III*, (3) and that the expunged state court convictions entitle him to resentencing. *Id.*

The Second Circuit subsequently issued an order stating that while it lacked jurisdiction to consider Aguiar's motion challenging the 2001 judgment because the sentence in that case had fully expired, Aguiar could assert a challenge to his current, 360-month sentence "as enhanced by an allegedly invalid prior conviction." *Id.* (ECF No. 29) (quoting *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999)). The court also stated that, "[a]s to the 2011 judgment, because Petitioner seeks to challenge his sentence based on recently expunged state court convictions, his motion is not successive." *Id.* (citations omitted). Accordingly, this Court now addresses Aguiar's claims to the extent permitted by the Second Circuit's order.

## II.  Construing the Pending Motions and Appointing Counsel

Aguiar's motion to be resentenced does not cite a rule or statute authorizing its filing. ECF No. 825. The Court previously issued an Opinion and Order notifying him that it

intended to construe the motion as a filing under 28 U.S.C. §
2255 and giving him an opportunity to either consent to the
characterization or withdraw his motion. ECF No. 830 (citing
*Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v.
United States*, 155 F.3d 582, 584 (2d Cir. 1998)). The Court also
noted that the filing would not be a successive petition, since
the expunged state court convictions post-dated his prior habeas
corpus filing. In response to the Court's Opinion and Order,
Aguiar moved for the appointment of counsel, or in the
alternative, a 30-day extension of time in which to respond to
the Court's ruling.

The Court appointed the Office of the Federal Public
Defender to represent Aguiar on his motion. Months later, that
Office moved to withdraw, reporting that it had investigated the
factual and legal basis underlying Aguiar's claims and that
Aguiar believed "a conflict of interest exists." ECF No. 836.
The Court granted the motion and appointed a second attorney.
That attorney subsequently reported that she had communicated
with Aguiar and informed him, after conducting legal research,
that she was "unable to file anything on Mr. Aguiar's behalf in
connection with this motion." ECF No. 09-90. The Court granted
her motion to withdraw as well.

Aguiar is now proceeding *pro se*, although he has filed
renewed motions for appointment counsel. While he never formally

consented to characterization of his motion for resentencing as a habeas corpus petition, he has since filed a motion under 28 U.S.C. § 2255 seeking habeas corpus relief. That petition overlaps with the motion for resentencing, arguing in part that relief is warranted on the basis of the expunged state court convictions. The Court therefore reviews the motion for resentencing and the Section 2255 motion together and will apply the same law to both.

### Discussion

### I.   Habeas Corpus

Title 28, Section 2255 provides a prisoner in federal custody an opportunity to challenge the legality of his or her sentence. To obtain relief under Section 2255, the petitioner must show that his or her prior sentence was invalid because: (1) it was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) it exceeded the maximum detention authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bears the burden of proving that he or she is entitled to relief by a preponderance of the evidence. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Harned v. Henderson*, 588 F.2d 12, 22 (2d Cir. 1978).

The Second Circuit's recent mandate authorized Aguiar to file a Section 2255 petition challenging his 2011 sentence "as enhanced by an allegedly invalid prior conviction." ECF No. 840. Aguiar construes the mandate as authorizing him to challenge not only his current sentence, but also his 1995 conviction and sentence in *Aguiar I* and his 2001 conviction and sentence in *Aguiar II,* since each factored into the sentence imposed in 2011. The Court first addresses those earlier convictions.

**A.    Prior Federal Convictions**

When reviewing Aguiar's claims with respect to his 1995 and 2001 convictions, the Court must consider the extent to which it is allowed to consider those expired convictions. The Second Circuit's mandate allowing Aguiar to challenge his "current sentence, as enhanced by an allegedly invalid prior conviction" cited *Williams v. Edwards*, 195 F.3d 95 (2d Cir. 1999) and *Maleng v. Cook*, 490 U.S. 488 (1989). In *Williams*, the court considered a petitioner's habeas corpus challenge to a prior state conviction, submitted pursuant to 28 U.S.C. § 2254, for which the sentence had already expired. The court found that the petitioner was incarcerated on another state court conviction for manslaughter, that the manslaughter sentence was enhanced by the prior conviction, and that the petitioner could "amend his petition to challenge explicitly his current sentence's allegedly illegal enhancement." *Williams*, 195 F.3d at 96.

9

The *Williams* decision relied on the Supreme Court's ruling in *Maleng*. *See id.* The respondent in *Maleng* was serving a federal sentence, and the State of Washington had lodged a detainer relative to state court sentences imposed in 1976 and 1978. The respondent also had a sentence from 1958 that enhanced his 1978 sentences. He filed a habeas corpus petition in federal court listing the 1958 conviction as the "conviction under attack." *Maleng*, 490 U.S. at 490. The question before the Supreme Court was whether the respondent was "in custody" under the 1958 conviction because it enhanced a more recent sentence, even though the sentence imposed in 1958 had expired. *Id.*

The Court held that although the respondent was no longer "in custody" on the 1958 conviction, he could challenge his 1978 conviction – the sentence he was due to serve after completion of his federal detention – because, for the purpose of a habeas corpus filing, a petitioner may be considered "in custody" when subject to a detainer on a still-to-be-served sentence. *Id.* at 493 (citations omitted). *Maleng* expressly declined to address "the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentence which it was used to enhance." *Id.* at 494. That unanswered question is essentially the issue posed here: whether Aguiar may challenge his 1995 and 2001 convictions and sentences since, even though

they have both expired, they enhanced the sentence on which he
is currently "in custody."

The question left open in *Maleng* was answered by the
Supreme Court in the Section 2255 context in *Daniels v. United
States*, 532 U.S. 374 (2001), and in the Section 2254 context in
*Lackawanna County District Attorney v. Coss*, 532 U.S. 394
(2001). *See Coss*, 532 U.S. at 402 (noting that "the question we
explicitly left unanswered in *Maleng*" was answered in *Daniels*).
*Daniels* held that

> [i]f . . . a prior conviction used to enhance a
> federal sentence is no longer open to direct or
> collateral attack in its own right because the
> defendant failed to pursue those remedies while they
> were available (or because the defendant did so
> unsuccessfully), then that defendant is without
> recourse. The presumption of validity that attached to
> the prior conviction at the time of sentencing is
> conclusive, and the defendant may not collaterally
> attack his prior conviction through a motion under §
> 2255.

532 U.S. at 382. The Court acknowledged an exception where the
trial court failed to appoint counsel in violation of *Gideon v.
Wainwright*, but held that the exception applied "generally only
if [the petitioner] raised that claim at his federal sentencing
proceeding." *Id. Daniels* explained that once the avenues for
challenging the prior conviction, either through a direct appeal
or a collateral challenge, were no longer available, "the
conviction becomes final and the defendant is not entitled to

another bite at the apple simply because that conviction is later used to enhance another sentence." *Id.* at 383.

Here, Aguiar is no longer in custody on his prior federal convictions, and his attempts to attack those convictions and sentences, either on direct appeal or collaterally, were unsuccessful. A plain reading of *Daniels* appears to dictate that Aguiar cannot bring another challenge to his previous federal convictions merely because they enhanced his current sentence.

This case is arguably more complicated than *Daniels*, since the recent state court expungements altered the landscape in each of Aguiar's federal cases. *See, e.g., Custis v. United States*, 511 U.S. 485, 497 (1994) (holding that a defendant who successfully attacked his state conviction could "apply for reopening of any federal sentence enhanced by the state sentences"). Specifically, the state court convictions enhanced the sentences in *Aguiar I* and *Aguiar II*, which were then factored into the sentence in *Aguiar III*. Despite these layers of complexity, the Court finds that Aguiar has no valid basis for challenging his past federal convictions.

Even assuming that *Daniels* does not bar further collateral review of the expired federal sentences, the Supreme Court held post-*Daniels* that a habeas corpus petitioner must have "act[ed] diligently to obtain the state-court order vacating his predicate conviction." *Johnson v. United States*, 544 U.S. 295,

12

310 (2005). In *Johnson*, the Court determined that a vacated state court conviction is a "fact" that triggers the one-year limitations period for filings under Section 2255. *Id.* at 306-07. To be timely, however, the petitioner must have acted with due diligence. The Supreme Court expressed concern that "a petitioner might wait a long time before raising any question about a predicate conviction," and that Section 2255's principal purposes would be undermined by "letting a petitioner wait for as long as the enhancement makes no difference in his actual imprisonment, while the predicate conviction grows increasingly stale and the federal outcome is subject to question." *Id.* at 307. *Johnson* held that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Id.* at 308.

In this case, the state court expunged Aguiar's state court convictions in 2023. The expunged convictions themselves dated back over 25 years. Indeed, Aguiar argues that those expunged convictions enhanced both his 1995 and 2001 sentences. Consequently, Aguiar was clearly "in a position to realize that he ha[d] an interest in challenging the prior conviction[s]" decades ago. *Id.* Nothing in the record suggests that he diligently pursued state court expungements at that time.

13

Therefore, to the extent Aguiar claims he can bypass *Daniels* and revive his collateral remedies based on the expunged state court convictions, *Johnson* forecloses his claims.

Aguiar's arguments for resentencing also lack factual support. For example, he claims that without the state court convictions, his sentencing range in 1995 would have been reduced such that, under the applicable Sentencing Guidelines, the 1995 sentence would not have been long enough to count toward career offender status. Specifically, Aguiar contends that without an underlying state felony, his Guideline range in 1995 would have been 6-12 months and thus would not have counted toward his status as a career offender in 2011. *See* U.S.S.G. §§ 4B1.2, 4A1.1, 4A1.2(e) (2011). That argument not only fails to apply the required offense level adjustments to the 1995 sentence, but also relies on significant speculation. For example, Aguiar assumes that Judge Parker would not have found him to be a "prohibited person," notwithstanding his possession of marijuana and his subsequent admission to using drugs at the time of the offense.[1] Aguiar also assumes that his subsequent

---

[1] As a prohibited person, Aguiar's base offense level for stealing a firearm would have been 14, with a two-level increase because the weapons were stolen, a two-level increase for multiple counts, and a three-level decrease for acceptance of responsibility. The resulting Total Offense Score would be 15, resulting in a sentencing range of 18-24 months under the 1995 Guidelines. *See* U.S.S.G. §§ 2K2.1(a)(6), 2K2.1(b)(4), 3D1.4, 3E1.1 (1995).

14

revocation of probation, for which he received a sentence of 12 months and one day, would not have added time to his sentence. He further assumes that Judge Parker would have imposed concurrent, rather than consecutive, sentences on his two-count conviction. Aguiar similarly speculates that without his state court criminal record, his sentencing range in 2001 would have been reduced and the Court would have sentenced him to the low end of that range. Aguiar is not entitled to relief based on such speculation.

Aguiar also contends that, as a result of a state court lawsuit, he obtained documents from his defense attorney that support his claims. Aguiar provides little detail about those documents, aside from stating that he "was able to discover documents that Attorney Williams had withheld from Mr. Aguiar in 2001 and destroyed in December 2010, proving that his 2001 guilty plea was involuntary and [sic] was innocent of his 2001 conviction." ECF No. 845-1 at 27. Aguiar's memorandum cites a letter from Attorney Williams' former law firm explaining that the firm downsized its storage space in 2010, which required shredding "many of our older case files," and that Aguiar's "2001 case was among those shredded." ECF No. 845-2 at 326. A law firm's shredding of an old case file does not support an inference that the materials in that file proved the client's innocence. The Court thus cannot provide relief on that basis.

15

In sum, Aguiar may not challenge either *Aguiar I* or *Aguiar II* merely because they enhanced his current sentence. Those convictions are entitled to a presumption of finality, *see Daniels*, 532 U.S. at 382, and neither the controlling law nor the facts of this case allow for relief.

**B.    The Current Conviction and Sentence**

Aguiar has previously challenged his 2011 conviction and sentence on various grounds, including ineffective assistance of counsel and allegations of improper conduct by the Court. Although he raises many of those issues again in his current Section 2255 motion, the Court declines to address those arguments because they are beyond the Second Circuit's mandate. In fact, doing so would violate the statutory requirement that a district court refrain from considering a "second or successive" petition without approval from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). The Second Circuit stated that Aguiar's habeas corpus challenge is not barred as successive "because Petitioner seeks to challenge his [2011] sentence based on recently expunged state court convictions." ECF No. 840 at 2. The Court must therefore consider the impact of the state court expungements on Aguiar's current sentence.

While the state court convictions would have impacted the calculation of Aguiar's criminal history points in 2011, their expungement would not have altered his designation as a career

offender. Aguiar had two predicate felony convictions for controlled substance offenses (*Aguiar I* and *Aguiar II*) that rendered him a career offender. *See* U.S.S.G. § 4B1.1(a) (2011). Consequently, even if the state court convictions were no longer considered, he would still be sentenced under criminal history category VI, and his resulting sentence would not be impacted. Aguiar's motion to be resentenced, to strike, revise, amend, and conform to the evidence (ECF No. 825), as well as his motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 845), are therefore denied.

## II.  Motions for Appointment of Counsel

Aguiar has two motions for appointment of counsel pending before the Court, one filed prior to the Second Circuit's recent mandate and one since. As discussed previously, this Court twice appointed counsel to assist Aguiar with his latest arguments for resentencing. Both attorneys reviewed the case and subsequently moved to withdraw.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When reviewing a request for appointment of counsel, the Court first considers whether petitioner's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). The Court will consider other factors only if the movant meets this threshold

17

requirement. *Id.* at 61–62. Here, the Court has reviewed Aguiar's claims and determined that they are not "likely to be of substance." *Id.* Accordingly, his renewed motions for appointment of counsel (ECF Nos. 839, 844) are denied.

## III. Motion for Recusal

Aguiar has also moved the Court for recusal. A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). An objective test applies: the judge must determine "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *In Re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted). A showing of bias or partiality must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Aguiar's motion focuses on actions taken by the Court in its judicial capacity. Specifically, Aguiar claims the Court improperly involved itself in plea negotiations when meeting with defense counsel and the government's attorney; signed a

18

wiretap application that lacked certain information; approved defense counsel's hiring of a former Burlington police officer as an investigator; and has acted as the "sole gatekeeper" for each of his civil and criminal cases. ECF No. 842 at 1.

While Aguiar contends that the Court "is using . . . the business of the courts to serve his own interests," he offers no factual support for that allegation. *Id.* Nor has he demonstrated "deep-seated and unequivocal antagonism." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29-30 (2d Cir. 2013). As to his contention that the Court is the "sole gatekeeper" for his claims, Aguiar has filed several appeals to the Second Circuit and continues to have access to that court for appellate review. Because Aguiar's claims center on judicial conduct and offer no facts to support claims of either extrajudicial conduct or bias, his motion to recuse (ECF No. 842) is denied.

## Conclusion

For the reasons set forth above, Aguiar's pending motions (ECF Nos. 825, 839, 842, 844, 845) are denied.

DATED at Burlington, Vermont, this 23rd day of December, 2025.

/s/ William K. Sessions
Hon. William K. Sessions
U.S. District Court